**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GURSHER SINGH,** *Petitioner,* | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-cv-8386** |
| **ANDY CRUZ, Warden, Federal Detention Center, Philadelphia,** ***et al.*****,** ***Respondents.*** | : | |

**MEMORANDUM**

**KENNEY, J.** **November 16, 2026**

Before the Court is Petitioner Gursher Singh's Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2241. *See* ECF No. 1-1. Respondents oppose any relief. *See* ECF No. 6. For the reasons set forth below, the Court will **GRANT** the Petition (ECF No. 1) because Respondents detained Petitioner without a warrant.

## I. BACKGROUND

Petitioner was born in India. ECF No. 1 ¶ 19. He "entered the United States on or about 2024." *Id.* ¶ 19.[1] Shortly after entering the United States, Petitioner was encountered by officers from the U.S. Department of Homeland Security ("DHS"). *See id.* ¶ 20. "DHS detained, processed, and initiated removal proceedings against Mr. Singh" at that time. *Id.* After determining that Petitioner was not a flight risk, "DHS released him to live . . . in Downingtown, Pennsylvania." *Id.*; *see also* ECF No. 6-1 at 2 (noting that Petitioner was previously "processed as a Notice to Appear"). Petitioner has been residing in Downingtown, Pennsylvania "with his United States Citizen uncle," where he has "established community," and "worked as a cashier at

[1] According to the Form I-213 submitted by Respondents, "United States Border Patrol (USBP) encountered the subject in the Otay Mesa, CA Port of Entry." ECF No. 6-1 at 2. The encounter took place on June 13, 2024. *Id.*

a gas station." ECF No. 1 ¶¶ 20, 21. In addition, Petitioner has "complied with all the conditions of his removal proceedings and immigration release[,]" including attending his regularly scheduled check-ins with U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 22. He does not have any criminal history in the United States. *See* ECF No. 6 at 5.

On or about November 2, 2026, Petitioner was attending a scheduled check-in with ICE officers at ICE's Philadelphia Field Office. *See* ECF No. 1 ¶ 23. During his check-in, ICE officers detained Petitioner at his appointment, pursuant to 8 U.S.C. § 1226(a), prior to generating a Form I-200 Warrant. *See* ECF No. 9 ¶¶ 1–2. ICE officers then generated a Form I-200 Warrant before placing Petitioner under arrest, pursuant to 8 U.S.C. § 1226(a). *See id.* ¶¶ 3–4; *see also* ECF No. 6-1 at 2. At that time, officers also provided Petitioner with a Notice of Custody Determination, through which he requested that an immigration judge review his custody determination. *See* ECF No. 6-4 at 1.

The Petition followed. In connection with his re-detention, Petitioner asserts claims for: (1) violations of his rights under the Due Process Clause of the Fifth Amendment; and (2) a violation of the *Accardi* doctrine. *See* ECF No. 1 ¶¶ 69–83. Respondents filed an Opposition to the Petition for Writ of Habeas Corpus (the "Opposition") on November 10, 2026, opposing all relief. *See* ECF No. 6. Petitioner replied to Respondents Opposition, alleging that Petitioner "was arrested without a warrant." ECF No. 7 at 11. In response, the Court ordered Respondents to file a supplemental response to the Petition, to clarify the timeline of Petitioner's detention and arrest in relation to Respondents' generation of a Form I-200 Warrant. ECF No. 8.

On November 13, 2026, Respondents filed a Supplemental Response in Opposition to the Petition (the "Supplemental Response"). ECF No. 9. In the Supplemental Response, Respondents

made clear to the Court that Petitioner was, in fact, detained before a Form I-200 warrant was generated.[2] *Id.* ¶¶ 1–2.

Accordingly, the issues have been fully briefed and are ripe for adjudication.

## II. LEGAL STANDARD

A federal district court can grant habeas relief when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention[,]" *Munaf v. Geren*, 553 U.S. 674, 693 (2008), and is "regularly invoked on behalf of noncitizens, particularly in the immigration context." *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001), *superseded by statute on other grounds*. It is Petitioner's burden to demonstrate that he is being detained in violation of the Constitution or federal law. *See Walker v. Johnston*, 312 U.S. 275, 286–87 (1941). In addition, the Fifth Amendment of the United States Constitution entitles noncitizens to due process of law in immigration and deportation proceedings. *See Serrano-Alberto v. Att'y Gen. U.S.*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including aliens in immigration proceedings who are entitled to due process of law—that is, a meaningful opportunity to be heard—before being deported.").

## III. DISCUSSION

In his Reply to Respondents' Opposition, Petitioner argues that he was unlawfully detained by ICE Officers without a warrant and requests his immediate release from detention. ECF No. 7 at 11–12; *see also* ECF No. 1 ¶ 83. Respondents admit as much in their Supplemental Response ordered by the Court. ECF No. 9 ¶¶ 1–2. Upon review, this Court agrees that Petitioner has been

[2] On November 16, 2026, Petitioner filed a Reply to Respondents' Supplemental Response. ECF No. 10.

detained in violation of the Immigration and Nationality Act ("INA"). Accordingly, habeas relief is warranted.

**A. Administrative Exhaustion**

Before seeking judicial relief, habeas petitioners "are ordinarily required to exhaust their administrative remedies." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases); *see also Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." (collecting cases)). However, exhaustion can be excused in circumstances where (1) exhaustion "would be futile[;]" (2) "the actions of the agency clearly and unambiguously violate statutory or constitutional rights[;]" or (3) "if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). "[T]he exhaustion doctrine is not supposed to preclude judicial relief[.]" *Id.*

Under the circumstances of this particular case, exhaustion "would be futile" and the actions of ICE "clearly and unambiguously" violated Petitioner's statutory rights. *Id.* As relevant here, "[a] later bond hearing does not necessarily cure the alleged constitutional violation that preceded it." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *3 (E.D. Pa. June 17, 2026) (collecting cases). It is undisputed that Petitioner was unlawfully detained without a warrant, *see* ECF No. 9 ¶¶ 1–2, so requiring a bond hearing at this posture would be futile in remedying Petitioner's current unlawful detention. *See Dos Reis*, 2026 WL 1746649, at *3. Furthermore, requiring the Court to defer until a bond hearing is held and an appeal has been heard before the Board of Immigration Appeals would simply delay adjudication of a "clear[] and unambiguous[]" violation of Petitioner's statutory rights. *Lyons*, 840 F.2d at 205; *see also Tabora-*

*Brizuela v. Mullin*, --- F. Supp. 3d ----, No. CV 26-7010, 2026 WL 2908095, at *5 (E.D. Pa. Sept. 28, 2026) ("[U]sing an after-the-fact warrant to justify a prior arrest . . . is statutorily prohibited under the INA." (quoting *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 410 (E.D.N.Y. 2026))); *see also Almonte v. Genalo*, No. CV 26-3633, 2026 WL 2983349, at *10 (E.D.N.Y. Oct. 5, 2026) ("It is well-settled that [p]etitioner is not required to exhaust a process that was deficient from the outset" and where "a petitioner has raised a substantial constitutional question" (internal quotations and citations omitted)). Accordingly, the Court will excuse exhaustion here.

**B. Immigration and Nationality Act**

Section 236(a) of the INA provides that "*[o]n a warrant* issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added); *see also Juarez v. Mullin*, No. CV 26-7008, 2026 WL 2981947, at *2 (E.D. Pa. Oct. 5, 2026) (same). "The language of this provision is clear: Section 236(a) 'requires a warrant for arrest'" and detention. *Tabora-Brizuela*, 2026 WL 2908095, at *2 (quoting *Hernandez v. Blanche*, No. 26-6195, 2026 WL 2569475, at *3 (E.D. Pa. Aug. 31, 2026) (collecting cases)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) (explaining that Section 1226(a) "authorizes detention [under that section] only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest" (quoting 8 U.S.C. § 1226(a))); *Sagbay v. Jamison*, No. 26-7265, 2026 WL 2875765, at *5 (E.D. Pa. Sept. 24, 2026)); *Matter of Q. Li*, 29 I. & N. Dec. 66, 69 n.4 (BIA 2025) ("The regulation implementing DHS' authority to conduct arrests under section 236(a) authorizes a prospective arrest and contemplates that the subject of the warrant has not yet been arrested and taken into custody at the time the warrant is issued." (citation omitted)).

By detaining Petitioner prior to generating an arrest warrant, Respondents failed to comply with Section 236(a). *See* 8 U.S.C. § 1226(a). Respondents acknowledge as much in their Supplemental Response. ECF No. 9 ¶ 2 ("*After* DHS officers detained Petitioner, they generated an I-200 arrest warrant" (emphasis added) (citing ECF No. 6-2 ¶ 6)); *see also id.* ¶ 4 ("Respondents concede that they detained Petitioner . . . prior to serving the warrant."). The Court, therefore, finds that the Respondents acted in violation of Section 236(a), rendering Petitioner's subsequent arrest and continued detention invalid. *See Juarez*, 2026 WL 2981947, at *5; *Sagbay*, 2026 WL 2875765, at *5–6; *Catagna Vega v. Jamison*, No. CV 26-7418, 2026 WL 3027032, at *5 (E.D. Pa. Oct. 8, 2026); *Melendez-Guzman v. Jamison*, No. CV 26-7556, 2026 WL 2983704, at *7 (E.D. Pa. Oct. 5, 2026).

Respondents cannot fall back on their authority to detain a noncitizen without a warrant under 8 U.S.C. § 1357(a)(2). Section 1357(a)(2) gives ICE "limited authority to make warrantless arrests." *Tabora-Brizuela*, 2026 WL 2908095, at *2 (first citing 8 U.S.C. § 1357(a)(2); then citing *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An officer is authorized to arrest a noncitizen "without [a] warrant" if the officer "has reason to believe that the [noncitizen] so arrested is in the United States in violation of" certain immigration "law[s] or regulation[s] and is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). Courts have interpreted the "reason to believe" language "as equivalent to 'probable cause.'" *Tabora-Brizuela*, 2026 WL 2908095, at *2 (quoting *Lee v. Immigr. & Naturalization Serv.*, 590 F.2d 497, 500 (3d Cir. 1979)). The analysis of probable cause "turns on what the arresting officer

knew at the time they took the individual into custody." *Id.* (citing *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1231 (D. Colo. 2025)).

In this case, there is no indication in the record that ICE officers had "reason to believe" that Petitioner was "likely to escape before a warrant [could] be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2). To the contrary, Petitioner "complied with all the conditions of his removal proceedings and immigration release. He attended each hearing and checked in with ICE at each scheduled appointment." ECF No. 1 ¶ 22. Upon his initial detention, DHS chose to release Petitioner "after finding that he was not a danger nor a flight risk." *Id.* ¶ 4. At no point do Respondents allege Petitioner is a flight risk. *See* ECF Nos. 7, 9. Section 1357(a)(2), thus, does not provide a basis for Petitioner's arrest and detention either. Accordingly, Petitioner's warrantless detention violates the INA, which is "grounds for habeas relief." *Tabora-Brizuela*, 2026 WL 2908095, at *3; *see also Sagbay*, 2026 WL 2875765, at *5 (same).

**C. Remedy**

Indeed, Respondents have violated the INA, and in turn Petitioner is being held "in custody in violation of the Constitution [and] laws . . . of the United States." 28 U.S.C. § 2241(c)(3).[3] A federal court adjudicating a petition for a writ of habeas corpus is authorized to "dispose of the matter as law and justice require[,]" *see id.* § 2243, and has "equitable discretion to decide whether to issue the writ or to provide a remedy." *Edwards v. Vannoy*, 593 U.S. 255, 289 (2021) (Gorsuch, J., concurring). "The traditional function of the writ of habeas corpus is to secure release from

[3] The Court will not address the remaining arguments raised by Petitioner because relief can be granted on the basis of Respondents' failure to arrest and detain Petitioner pursuant to a valid warrant. *Supra* Part III (B).

unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf*, 553 U.S. at 693).

Immediate release from detention is warranted in this case. *Tabora-Brizuela*, 2026 WL 2908095, at *5; *see also Sagbay*, 2026 WL 2875765, at *5–6 (ordering immediate release of a petitioner where he was detained "without an administrative warrant"); *see also Loaeza v. Bausch*, No. CV 26-945, --- F. Supp. 3d ----, 2026 WL 2150155, at *2 (W.D.N.Y. July 27, 2026); *Vladimir G. v. Easterwood*, No. CV 26-2971, 2026 WL 1786418, at *3 (D. Minn. June 22, 2026) (collecting cases); *Yeleshev v. Larocco*, No. CV 26-2294, 2026 WL 1353806, at *8 (E.D.N.Y. May 14, 2026).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Petition (ECF No. 1) and order Respondents to immediately release Petitioner from detention and to certify their compliance with the Court's Order. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**